a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| PHILLIP ORLANDO EALY JOHNSON #625934, Petitioner | CIVIL DOCKET NO. 5:24-CV-01496 SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| TIM HOOPER, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by pro se Petitioner Phillip Orlando Ealy Johnson ("Johnson"). ECF No. 1. Johnson is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. He challenges his conviction in the First Judicial District Court, Caddo Parish.

Because Johnson's Petition is second and successive and he has not obtained authorization for filing, it should be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

I. Background

Johnson was convicted of aggravated rape and aggravated kidnapping of a 13-year-old girl and sentenced to concurrent terms of life imprisonment. The conviction and sentence were affirmed on appeal. *State v. Johnson*, 175 So.3d 442 (La. App. 2d Cir. 2015), *writ denied*, 206 So.3d 203 (La. 2016). Johnson filed two post-conviction applications in state court, which were denied. *See Johnson v. Warden*, 19-CV-147,

1

2022 WL 989366, at *1 (W.D. La. 2022), *report and recommendation adopted*, 2022 WL 989344 (W.D. La. 2022).

Johnson sought federal habeas corpus relief on three claims of ineffective assistance of counsel and a claim of actual innocence. *Id.* The Petition was denied and dismissed with prejudice. *Id.* Johnson's untimely appeal was dismissed for lack of jurisdiction. *Johnson v. Hooper*, 22-30284, 2022 WL 16824545 (5th Cir. 2022).

## II. Law and Analysis

Under § 2244(a), "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus . . . ." 28 U.S.C. § 2244. Furthermore, before a second or successive petition can be filed in a district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3).

Johnson's Petition is second and successive because his earlier petition was adjudicated on the merits. *See Graham v. Johnson*, 168 F.3d 762, 773 n. 7 (5th Cir. 1999) (citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63 (1996)) ("[A]n application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised.").

Johnson does not allege, and the jurisprudence does not establish, that he has received authorization from the Fifth Circuit to file a second or successive § 2254 petition.

### III. Conclusion

Because Johnson's Petition is second and successive and he has not obtained authorization from the Fifth Circuit, IT IS RECOMMENDED that the Petition (ECF No. 5) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and

Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

    SIGNED on Tuesday, January 28, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE